Case 1:15-cv-00126 Document 15 Filed in TXSD on 12/08/15 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 08, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **RAUL VIDAL,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. B: 15-126 |
| § | | |
| **ALVARADO, ET AL.,** § | | |
| Defendant. § | | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Magistrate Judge is the civil rights complaint filed by Plaintiff Raul Vidal ("Vidal") on July 15, 2015. Dkt. No. 1. Vidal moved to proceed in forma pauperis. Dkt. No. 2.

On October 22, 2015, the Court denied the motion to proceed in forma pauperis, noting that Vidal had "three strikes" against him, which meant that he could not proceed in forma pauperis. Dkt. No. 21. The Court ordered Vidal to pay the required filing fee no later than November 23, 2015. Id.

Because Vidal has failed to timely pay the required filing fee, the Court recommends that the complaint be dismissed without prejudice, pursuant to FED. R. CIV. P. 41(b), for failure to prosecute.

### I. Background

In his civil rights complaint, Vidal sued "Alvarado," "Gramado," and a "Jane Doe," all of whom are nurses at Carrizales Rucker Jail in Cameron County, Texas. Dkt. No. 1. Vidal alleged that all of the Defendants were deliberately indifferent to his serious medical needs in June 2015.

On October 23, 2015, the Court denied Vidal's motion to proceed in forma pauperis. Dkt. No. 9. The Court noted that "[o]n three separate occasions, Vidal has had a prior complaint dismissed for failing to state a claim upon which relief can be granted." Id, citing

Vidal v. Sanchez, Civil Case No. 1:15-147, Dkt. No. 16; Vidal v. City of Harlingen Police Department, Civil Case No. 1:13-213, Dkt. No. 9; Vidal v. Lucio, Civil Case No. 1:11-161, Dkt. No. 18.  The Court noted that a prisoner who has three such dismissals may not be permitted to proceed in forma pauperis, unless he can establish that he is in "imminent danger of serious physical injury." Dkt. No. 9, quoting 28 U.S.C. § 1915(g).

The Court ordered Vidal to pay the full filing fee no later than November 23, 2015. Dkt. No. 9.  As of today's date, Vidal has not paid any of the filing fee.

## II. Applicable Standards

### A. Want of Prosecution

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).  Generally, such dismissals are without prejudice.  A case may be dismissed with prejudice for want of prosecution only if there is "a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed and have been futile. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir.1992).  Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id.

## III. Analysis

### A. Want of Prosecution

Vidal's failure to "comply with any order" of the Court supports dismissal of his claims without prejudice.  A dismissal without prejudice, nevertheless, may amount to a dismissal with prejudice, if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (quoting Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)).  Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. Collins v. Stalder, 236 Fed. App'x. 29, *1 (5th Cir. 2007) (unpubl.) (citing Boazman, 537 F.2d at 212-13).

Vidal states that the Defendants failed to treat his kidney infection in June 2015. Dkt. No. 1, p. 4. The statute of limitations for § 1983 claims in Texas is two years from the date that the cause of action accrues. Piotrowski v. City of Houston, 51 F.3d 512, 514 n. 5 (5th Cir. 1995). The cause of action would have accrued when the Defendants failed to treat Vidal's kidney infection, which was around June 2015. Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). Thus, the statute of limitations would not expire until around June 2017. Thus, any dismissal without prejudice would not serve as a de facto dismissal with prejudice.

Accordingly, Vidal's complaint should be dismissed without prejudice for failure to timely pay the filing fee.

## IV. Recommendation

WHEREFORE the Court **RECOMMENDS** that Raul Vidal's complaint be dismissed without prejudice for want of prosecution for failure to timely pay the filing fee.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on December 8, 2015.

_____
Ronald G. Morgan
United States Magistrate Judge